IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JILL WINCOVITCH,

    Plaintiff

v.

EDWIN A. ABRAHAMSEN &
ASSOCIATES,

    Defendant

3:12-CV-01846

(JUDGE NEALON)

## MEMORANDUM

On September 14, 2012, Plaintiff, Jill Wincovitch, filed a complaint against Defendant, Edwin A. Abrahamsen & Associates, P.C., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., in Defendant's attempts in April and May of 2012 to collect a debt Plaintiff allegedly incurred on a Capitol One credit card. (Doc. 1). Defendant filed an answer and affirmative defenses to the complaint on November 21, 2012. (Doc. 4). On December 12, 2012, Plaintiff filed a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) and brief in support moving to strike four of the eleven affirmative defenses raised by Defendant. (Docs. 5 & 6). On January 7, 2013, Defendant filed a brief in opposition. (Doc. 8). Defendant's motion to strike is now ripe for disposition and will be denied.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a court may strike, either sua sponte or by motion by a party, "from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Rule 12(f) is the primary procedure for objecting to an insufficient defense. U.S. v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989) (Nealon, J.), citing 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1380, p. 782 (1st ed. 1969). "A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." Krisa v. Equitable Life Assur. Soc., 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000) (Vanaskie, J.), quoting North Penn Transfer, Inc. v. Victaulic Comp. of America, 859 F. Supp. 154, 158 (E.D. Pa. 1994). However, motions to strike are disfavored and should be denied unless the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuse the issues. Hanselman v. Olsen, 2006 U.S. Dist. LEXIS 1715, *4 (M.D. Pa. 2006) (McClure, J.); see also McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002), citing Harleysville Mut. Ins. Co. v. GE Reinsurance Corp., Civ. A. No. 02-171, 2002 U.S. Dist. LEXIS 8064, *16 (E.D. Pa. May 6, 2002). Courts have required that the moving party demonstrate prejudice before the court will strike a pleading. See United States v. Viola, 2003 U.S. Dist. LEXIS 11692, 11699 (E.D. Pa. 2003); and see 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1381, p. 94 n.34 (3d ed. Supp. 2012) (listing district court cases requiring a showing of prejudice). Striking a pleading is a drastic remedy and should be sparingly used by the courts. Krisa, 109 F. Supp. 2d at 319; North Penn Transfer, Inc., 859 F. Supp. at 158.

## DISCUSSION

The following affirmative defenses are in question:

8.  Defendant did not continuously call the Plaintiff.

> 9. Defendant did not intend to annoy, harass or abuse the Plaintiff.
> 10. Plaintiff is liable to the Defendant for all the Defendant's costs and attorneys' fees incurred in defending this within meritless lawsuit.
> 11. Plaintiff has brought the within action in bad faith is liable for the Defendant's attorneys' fees pursuant to §813(a)(3). (sic)

(Doc. 4, p. 4).

Plaintiff argues that affirmative defenses 8 and 9 are mere denials of the allegations of the complaint and not affirmative defenses and should be struck because they are insufficient defenses. (Doc. 6, pp. 3-5), citing DirectTV, Inc. v. Semulka, 2006 U.S. Dist. LEXIS 15043 (W.D. Pa. Feb. 9, 2006) (striking affirmative defenses that are simple denials of allegations). It is fair to say that Defendant's affirmative defenses set forth in paragraphs 8 and 9 are more aptly described as denials. Further, they are repetitive of Defendant's denials in paragraphs 12, 13, and 23(c). (Doc. 4, pp. 3). These averments negating or pointing out a defect in Plaintiff's prima facie case are not affirmative defenses. See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, "Rule 12(f) is not to be used to police the form of a pleading or to correct any misdesignations it might contain." 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1381, p. 416 (3d ed. 2004). Because Plaintiff has not shown that she will be prejudiced by these averments, the Court will not strike the assertions but will treat them as denials. See Zeron v. C&C Drywall Corp., 2009 U.S. Dist. LEXIS 76640, *5-11 (S.D. Fl. 2009) (treating denials incorrectly labeled affirmative defenses as denials).

Plaintiff argues that affirmative defenses 10 and 11 are simply not affirmative defenses and are inappropriate. (Doc. 6, pp. 6-7). Defendant's affirmative defenses 10 and 11 request that

3

Plaintiff should pay Defendant's attorney fees because the complaint is meritless and brought in bad faith. (Doc. 4, p. 4). These allegations are not affirmative defenses and the appropriate vehicle for a request for sanctions or attorney fees lies in a motion pursuant to Federal Rule of Civil Procedure 11(c)(2). However, placing Plaintiff and the Court on notice that the Defendant seeks to do so is not inappropriate. See Zeron, 2009 U.S. Dist. LEXIS 76640, *10-11 (denying a motion to strike a Wherefore Clause requesting the court reserve jurisdiction to consider a timely filed motion for attorney's fees). Accordingly, Defendant's affirmative defenses 10 and 11 will not be considered as affirmative defenses, but because they are in no way prejudicial, they will not be stricken.

                                                              _____
                                                              **United States District Judge**

**Date: May 8, 2013**